Thank you. Yes, Your Honor. Part appreciates brevity. Yes, Your Honor. Joseph Luther Tucker for the appellants. You're for the objectors? Yes, for the Grissom objectors. May it please the Court. I do think that I can be very brief with this, Your Honor. Appellants of the Grissom objectors have objected on two grounds. One being that in the lower court, as the Court obviously knows, this arises from a class action settlement involving West and Kaplan, a securities fraud act. Counsel, can I just ask you one thing? I know the objectors have one particular focus on this, but on an overall basis, which you started with, our court recently decided McGee v. China Electric. That really controls much of what we're talking about today, does it not? Your Honor, I'm not familiar with the case. I apologize. Perhaps your colleagues over here on the other side will be able to tell us. Okay. The first issue was in the district court case, the Grissom objectors, as the appellants pointed out, four reasons that class counsel's motion for attorney's fees should be cut, should be reduced from what they requested. They requested approximately $1.9 million, 20% of the overall common fund. There were four points that were made by the objectors. One, there was a question that we asked the court that they should address the appellee's role in the Rodriguez case, which I'm sure the court is well aware of, specifically the fact that they were acting as objectors in Rodriguez and then subsequently filed this case and requested attorney's fees in this case. We pointed out that the appellee's billing records were very vague and woefully inadequate, that the hourly rates requested were excessive, tremendously excessive, and that there was inappropriate, unnecessary, and unsupported expenses. And the court found that the hourly fee and hours expended by appellees were not reasonable, the hourly fee charged by counsel was beyond the prevalent market rate, that many of the hours billed by class counsel were redundant, excessive, and unnecessary, and that class counsel had inadequately supported its claim for expert fees for which they had requested reimbursement of $40,000. In other words, the same points that were made and brought forth by the appellants as objectors were the same reasons that the court found reason to reject. Can I ask you just two questions? Yes, Your Honor. Maybe three, I don't know. So in their appeal, the class counsel's appeal, they're asking us to vacate and remand. That's my understanding, yes, sir, and reinstate. So if we were to agree with their appeal, your request for fees would just have to go back to the district court, correct? Yes, Your Honor, I believe it would. It would sort of moot your argument you're making here. Your Honor, I would concur with you. I believe it would moot it, and I believe that it could end up starting the whole process over. I'll over again. I concur, yes, sir. Okay, now my second question is I understand the record in this proceeding that happened in front of Judge Reel. Yes, sir. He didn't really address in the courtroom this particular issue that you're raising on appeal. Is that right? In his order, he denies your request for fees. But in the courtroom, his comments have to do with his rejecting the earlier settlement and that you didn't assist him in that regard. Your Honor, I concur with that statement that, yes, he did say about the first objection that we had made, and we're not here, we don't appeal that in any way. However, those four points that I made that said that the court held, those come directly from the transcript of the final fairness hearing before he entered his order. Your Honor is correct in that he did not mention these four points in reducing. He was exceptionally vague, which led to our second point. But you made these four points in the paperwork before him. Yes, Your Honor. We are here basically to say that his Honor, Judge Reel, at the district court level,  And you're asking us to, one of the, both sides are asking us to send this back, if it goes back, to send it back to a different judge. Is that correct? That's correct. Why should we do that? Well, if I may, right before I answer your question, Your Honor, I would say this. In light of the third appeal in Rodriguez and what happened with what were called the Schneider objectors, it got sent back by this court. And Judge Reel would not act correctly and it got sent back again after a second opinion. And the district court still did not follow this panel. And on the third, if I'm not mistaken in my reading of the third Schneider objection, this court saw it fit to determine the amount to be awarded and then remand with instruction to award this amount of money to these objectors, which I do understand also was the straight lodestar value. It was not a common fund percentage. That's my understanding in recollection of reading it. To answer your question, at this point, we would be satisfied with a straight lodestar. Well, if we vacate, if it goes back for further work on class counsel's request for a fee, there's nothing that would be inappropriate for us to do anything other than to vacate and remand the order on your fee motion. Yes, Your Honor, I agree that that would be the result. Okay. Thank you. As to the... Why don't you wait for the rest of the rebuttal? Yes, sir. That's... Thank you, Your Honor. Good morning. May it please the Court, Perrin Dissner, co-class counsel on behalf of the appellees and cross appellants. My co-counsel, Mr. Harris, is going to go after me on the subject of the cross appeal regarding the abuse of discretion by a district court in choosing the lodestar approach and calculating fees. Can I raise the same question that I did with the objectors' counsel? Are you familiar with the McGee case that I referred to? No, sir. It was decided January 15th of this year, so I understand it's fairly new, but it's absolutely right on point, makes the points you make, and I think is controlling of this case. So if you can't address it, I'm not sure how you can help on this, but I think it addresses all your points, and taking that representation is true. I'm not sure what more you need to say. It's a little unusual, but it covers everything. Basically, as I understand that case, the district court has discretion to choose between lodestar and the percentage of the common fund. Right. The court says that choosing the lodestar is well within the district court's discretion in these kinds of cases. One of the arguments you made was that the district court should have applied percentage of the fund method. Yes, Your Honor, on that subject, my co-counsel is going to take the lead. That's with that case, basically. There are some other points to that case, but that's kind of what it deals with. But if you're still asking for the relief of vacation of Judge Reel's award, right? That's right, yes. All right. And both sides here today seem to agree that that's what should happen, and that moves the objector's appeal because it will be a new award to you other than the one that there is. It's not strictly accurate because we do not oppose Judge Reel's dismissal of their objection on certain grounds. It's not relevant. Their objection isn't relevant because there's no award if we remand. There will be a new award, and there will be different issues. No fee award. Yes. Their argument is based on the current fee award. Right. And if we're vacating the current fee award, their argument becomes moot because there's no award that they could object to. They have to object to the next award. That does seem to make sense, Your Honor. Do you mind if I confer for a moment? Yes. Thank you. Well, that was brief, but I will pass the baton to my co-counsel on the subject of the judge's discretion in the district court. Thank you. If I could address that very briefly, our argument with respect to the objectors is that they, and there's no disputing this, none of the attorneys who they represent submitted claims, and so they do not have constitutional standing under nicely to object to our fee. And so I think that that issue is ripe for consideration, and we would also ask, as the panel did in the third Rodriguez decision, we would ask this court not to remand it but to instead take the record as it is and order a fee. I understand that's an extraordinary. Yeah, that's not our role. If the district court failed to apply our case law properly, you know, it should go back and the district court should do it right. I agree, Your Honor. And if that means it has to go to a different judge, then maybe it will. Okay. And that's, I think, very clear that it was improperly done. On the standing issue, though, the objectors, again, putting aside the mootness issue for a moment, they're saying that the district court denied their fees. So why would that not represent, if we could remedy that, putting the mootness issue aside for a moment, why would that not be an Article III injury of which we could take jurisdiction? Well, they didn't have right under Article III to object to our fees because their clients did not submit claims. The settlement agreement and the typical practice in class actions is that only an objector who submits a claim and who has a financial interest in the outcome. I get your point. You argued that in the briefs. I guess what I'm saying, though, is that they're taking the position that notwithstanding what you say, that they are entitled to fees. The district court denied them. They are directly involved in that. You're saying that that's not enough of an injury. I understand you claim that there's no predicate that's been satisfied that allows them to get it. But to argue the point, they would be damaged. If they're correct and it's not necessary to have that predicate that you claim, then they would have standing, right? Yes, and that's why I would request that this court, in doing the remand of our appeal, also order that since the objectors did not submit claims and have no financial interest, that they should no longer have standing to participate in this case. Otherwise, in every class action, an attorney could come in and say, well, the fees are too high and they spend too many hours. And if the judge felt the same way, then he could claim a fee, whether or not his clients had any financial interest, which would obviously be a tremendous burden for all concerned. So I would request that, in making the remand, you also look at that issue. So if there aren't any other questions, thank you all very much for your attention. Thank you, Your Honor. Are you standing for a reason? I just wanted to answer Your Honor's question real quickly, I think, in better detail. Part of the reason that their fees aren't the kind of harm that would give them standing is because, according to In re Mercury, their fees are not collectible. My co-counsel made 90% of the point that by failing to object, they lack standing. But that's because, under Rule 23H interpretation of the court in In re Mercury, because the class never got a chance to see this fee petition. The fee petition deadline, I'm sorry, the objection deadline, the claims deadline, was the 8th of July in 2013. And they filed their objection and their fee petition three weeks later, and the last day of the time for notice. So because, pursuant to In re Mercury and 23H, they couldn't possibly recover fees for doing that. And also, incidentally, they were a week after the deadline for Local Rule 6-1 to submit the motion before the hearing date. Did the district court rule on these questions? Sorry? Did the district court rule on these questions? I don't believe that the district court specifically mentioned this In re Mercury rule, but I think it did mention the tardiness, so that's probably what the district court was referring to, the tardiness of the objection. But in this case, though, as I understand it, the district court's order setting the deadlines was a little ambiguous. It provided for a July 29th deadline in one part. In other parts, it seemed to be a July 8th deadline. You all drafted this. Should this not be construed against you? If I may, Your Honor, there were two deadlines. I should probably come up here and catch anybody that might be watching this. There were two deadlines. There was a deadline in the beginning of July for submitting the notice of intent to object to the claims administrator so it could be distributed to all concerned. Then there was a second deadline, which they did meet, but having failed to meet the one, they shouldn't be permitted to continue. But the Mercury argument is much more fundamental. Mercury says you have to give the class members notice of your intent. The record shows that they were parties to the case from 2011, not parties, but they were a record in the case from 2011. They knew when the motion for preliminary approval was filed, so that's when they should have come forward, and if they wanted a fee, said, We want a fee of X dollars, and this should also be included in the notice that goes to the class. From your perspective, the two dates were not ambiguous, and even if they were, the notice is to the class. It has little to do with whether the court's order was unclear. Correct. In other words, they came in and objected in 2011. Then they abandoned the case, took a vacation from the litigation while we continued. Nevertheless, they were aware when we filed a motion for preliminary approval in April, I believe it was, and that's when they should have said, We want to submit a fee petition, too, and we want to give notice of that to the class under the Mercury decision. So the class has already received notice. These are the only people who made any objection to the fee. There was only one tardy objection to the substance of the settlement amongst tens of thousands of attorneys who received notice. But those attorneys, if the objectors wanted a fee under the Mercury case, that desire should have been expressed in the notice that was sent to over 100,000 attorney class members. Just to circle around again, though, one more time, you agree with the concept, I gather. If we were to remand your fee issue back to the district court, they get a new bite at the apple in terms of objecting, right? No, Your Honor, because in order to have standing to object to a class fee petition, you must have a financial interest in the outcome. Otherwise, any lawyer could step forward and object to any fee petition. But they will not have known what the fees are until the district court recalculates them if we remand, right? Correct, but whatever the fee ultimately is, these objectors have no financial interest in that question. They didn't meet that first deadline. Not only they didn't meet the first deadline, they did not submit a claim against the fund. And so if our fee were reduced, I hate to even suggest this, to zero, the class members would receive a larger amount. If our fee was increased, the class members would receive a lesser amount. And this gives Article III standing to those objectors who submitted claims. Okay. Thank you, Your Honor. Final, to address your question about the language in the settlement agreement itself, the ambiguity, we feel there is no ambiguity. There is specific language, quote, any class member who fails to submit a claim, form, or request for exclusion by such date, the earlier date, shall be forever barred from receiving any payment or distribution of settlement funds pursuant to this stipulation or the settlement. That almost perfectly mirrors the language from Knisley. And that's DE 139-16. Thank you. Your Honor is exactly right as to what the court order said about when the time to object was. The class action administrator's website had these dates, and it had January 29th as the date, June 29th, or July 29th. And suddenly, this is the type of things, Your Honor, that we were, the second issue of our appeal, is the conduct of, the questionable conduct of class counsel. Not that we know that there is, but there is the appearance that Judge Real should have looked at. During the time that we, after we filed, that date suddenly changed. Now, that date changed on the website where all the class members would go. And it reverted back to an earlier date. Why would that? You're saying that it went back to an earlier date after that date had passed. After we had filed, after the Grissom objectors filed their objection, pointed out all the improprieties and the questions, is it the billing? Then the date changed. That is a fact that can be found in the record. So that is just, it's incorrect what's stated. As far as standing goes to object, first and foremost, this honorable court, and it's the law of the circuit given that it's the Rodriguez 2 case, specifically said that the Schneider objectors, well, we reject class counsel's argument that the Schneider objectors lacked standing to appeal the order denying their request for fees because they did not file a claim to receive a share of the proceeds. Even assuming none of the Schneider objectors submitted the claim, this argument fails, fails, because an attorney who confers a benefit on the class is entitled to fees based on equitable principles of unjust enrichment and has standing to challenge the denial of such fees, regardless whether the attorney's client will receive any of the savings. That is the law of the circuit and the law of this case. You were citing which one, Rodriguez on that, Rodriguez 2? Yes, at footnote 11, after which is where Mr. Harris notes the Nisly case, or however it's pronounced. But appellants, their reliance on Nisly is misguided. We are not appealing the district court's reduction in their fees and expenses. We're not appealing their fee award. That's Nisly. In Nisly, the court considered standing in light of the appeal of class counsel's fee award by a class member who didn't file a claim. That is not what our two issues on appeal are. Third, Rule 23H2, I believe it is, specifically states, specifically states as to an attorney's fee request that a class member has a right to file a motion with regard and in response to that. And finally, if I may, if the court doesn't want to hear this, but the class settlement agreement, I would like to address that as well. Now, they say that it's not unambiguous. I'd like to point out that the specific language of the settlement agreement clearly distinguishes two categories of people. An authorized claimant and a class member. An authorized claimant is a class member who submits a claim form. Okay? A class, and class members should mean all persons meeting the criteria set forth in the definition. The people harmed, who would be our objectors. Now, if you go to this section B of the objections, it says any class member who wishes to object. Not any authorized claimant. It says that the class member's statement of objection shall state the specific reasons. Et cetera, et cetera. It's in the briefing. What they've said is incorrect. I could sit here and give your honors a litany of items. When they were, these counsel were objectors in Rodriguez at the same time that they filed this case. There were objectors that were employees of the law firm who were the clients in Rodriguez who were objectors, yet who over here in this Stetson case were timekeepers and billed for the time. There are entries, a number of entries, that appear to be this class being charged for work that benefited Rodriguez. And as your honors all know, that is improper and cannot be allowed. But for the allowing objectors, allowing objectors to assist the court in policing class action settlements like this, then instead of having an attorney's fee of $2 million that was never requested, now you have $1.3 million that is back in the common fund, but the only reason it is there is because we worked on it. We worked hard on it. We saw fit to say that that's not right. That's the class member's money, and we have rightfully objected. Judge Real ignored the reasons that we objected and said, I would have ruled that way anyways, which this court has already found in Rodriguez, that he cannot say that, that those specific words and specifically what he did is clear error. And so we ask for an attorney's fee. Thank you, your honors. Your honor, we have 10 minutes left on the clock. May I just briefly, sir, rebut? Which are you arguing now? Sir, rebutting what he just said. He just rebutted what you said. Well, sir, rebuttal, if the court will permit it. We had 10 minutes left. I just probably need two. You started. He started. Then you came, and then he came. It's a little difficult when you're arguing an appeal and a cross appeal. That's true. But we'll give you two minutes. That's all I need. Thank you. Just briefly to address what he said. First, the allegation that class counsel changed the dates is absurd, and there's no proof of that. We would never do that. Are you saying that the date on the class, I think you said class administrator's website changed. You're saying that's false. We have seen no evidence of that. I believe that's not the case at all. We certainly had no. Just tell me. Is it true or false? I think that's false, yes. I think it's false. It's false. It's false, yes. It's false. It is false. Okay. I believe that it is false. To the best of my knowledge, to the best of my co-counsel's knowledge, that is false. He cited the Schneider objectors, the outcome for the Schneider objectors. That case is completely inapposite. We briefed it amply, but in short, the Schneider objectors made a really novel argument to interfere with the payment of fees to class counsel in that case. They raised this incentive agreement, and on the basis of the incentive agreement, that it raised the possibility for a conflict, on which basis this court approved the denial of fees to class counsel, $9 million, and then approved giving fees to the Schneider objectors because the district court had not focused on the incentive agreements. In this case, everything within their objection, it was in the purview of the district court to do on its own anyway, as a matter of course. And I would also point out that this court affirmed the denial of fees to five other objectors in Rodriguez who did raise the run-of-the-mill type of objections that they raised. Finally, again, back to the question of the ambiguity, it's paragraph 49B of the settlement agreement. Notwithstanding any confusion they might have had with earlier parts of it, any class member who fails to submit a claim form or request for exclusion by such date shall be forever barred from receiving any payment or distribution of settlement funds, therefore, no standing. They say they're not appealing the fee award, so nicely doesn't apply. We say, to the contrary, nicely forbids them from appearing at all. Thank you. Thank you, counsel. The case disargued will be submitted.
judges: Reinhardt, Paez, M. Smith